1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    ZAHID RAJA,                              CASE NO. 06-CV-00573 WQH
                                               (WMc)
12                            Plaintiff,
                 vs.                           **ORDER**
13
                                               (Doc. # 21)
14    BILL LOCKYER, Attorney General of
      California; SAN DIEGO COUNTY
15    PROBATION DEPARTMENT,

16                            Defendants.

17
      HAYES, Judge:
18
             Pending before the Court is Plaintiff's "Motion to Set Aside Judgment and Request for
19
      a New Briefing Schedule" ("Motion to Set Aside Judgment").  (Doc. # 21.)
20
                                          **Background**
21
             On March 16, 2006, Plaintiff, who pleaded guilty to a felony and is on probation, filed
22
      a Complaint seeking a declaratory judgment that the operation of California's forensic
23
      identification DNA Data Bank Program, California Penal Code §§ 295-300.3, is
24
      unconstitutional, and requesting an injunction precluding collection of his DNA sample.
25
             On May 1, 2006, Defendant County of San Diego filed a motion to dismiss (Doc. # 4),
26
      and on May 26, 2006, Defendant Bill Lockyer filed a motion to dismiss (Doc. #6).  On June
27
      2, 2006, Plaintiff filed a motion for leave to file a first amended complaint.  (Doc. # 11.)  On
28
      June 23, 2006, this Court issued an Order stating that Plaintiff's first amended complaint must

1    be filed by July 14, 2006 and Plaintiff's response to Defendants' motions must be filed by July

2    28, 2006.  (Doc. # 14.)  Plaintiff did not file a first amended complaint, or a response to the

3    motions.

4         On August 23, 2006, the Court issued an Order stating, in part:

5              As both Defendants correctly point out in their Motions to Dismiss, controlling
          Ninth Circuit precedent finding statutory DNA database programs constitutional
6         bars Plaintiff's claims. *See Rise v. Oregon*, 59 F.3d 1556 (9th Cir. 1995); *United
          States v. Kincade*, 379 F.3d 813 (9th Cir. 2004).  The Court has applied the
7         applicable Fourth Amendment balancing test and weighed the intrusion on
          Plaintiff's diminished privacy interests against the compelling state interest in
8         collecting and retaining offender DNA samples for purposes of maintaining a
          forensic DNA identification database.  The outcome of this balance clearly
9         favors a finding of constitutionality.
               Defendants' Motions (doc. nos. 4 and 6) are therefore **GRANTED**, and
10        Plaintiff's Complaint is therefore **DISMISSED** without prejudice for failure to
          state a claim upon which relief can be granted.  Plaintiff shall have an additional
11        30 days from the date of this Order in which to file his First Amended
          Complaint.  Should Plaintiff fail to file his First Amended Complaint within 30
12        days, the Court shall dismiss this matter with prejudice.  If Plaintiff's First
          Amended Complaint fails to state a claim upon which relief may be granted, the
13        Court may deny further opportunities to amend.

14   (Doc. # 16 at 2 (emphasis in original).)

15        Plaintiff again failed to file a first amended complaint.  On October 23, 2006, Plaintiff

16   filed a Notice of Appeal (Doc. # 17) from the Court's August 23, 2006 Order.  On October 31,

17   2006, Plaintiff filed the Motion to Set Aside Judgment (Doc. # 21), and a Motion to Stay

18   Coercive DNA Extraction and Request for Temporary Injunction (Doc. # 22).  On December

19   8, 2006, the Court issued an Order denying the Motion to Stay Coercive DNA Extraction and

20   Request for Temporary Injunction on the grounds that Plaintiff failed to show a likelihood of

21   success on the merits of his claim that the DNA database program is unconstitutional.  On

22   January 3, 2007, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction because

23   the order challenged was not appealable.  (Doc. # 25 (citing *WMX Technologies, Inc. v. Miller*,

24   104 F.3d 1133 (9th Cir. 1997) (dismissal with leave to amend is not appealable).)

25                                    **Discussion**

26        In the Motion to Set Aside Judgment, brought pursuant to Federal Rule of Civil

27   Procedure 60(b), Plaintiff states that he did not file a first amended complaint "because of a

28   surgical procedure, subsequent potentially life threatening infection, a protracted

1   hospitalization stay and lengthy recovery related to same." (Mot. Set Aside J., Raja Decl. ¶

2   3.) Plaintiff also asserts that the plurality in *United States v. Kincade*, 379 F.3d 813 (9th Cir.

3   2004) was incorrect. (Mot. Set Aside J., Raja Decl. ¶¶ 4-6.) Defendants oppose the Motion.

4        The Court has not entered a final judgment in this case. In the August 23, 2006 Order,

5   the Court stated that should Plaintiff fail to file his first amended complaint within 30 days, the

6   Court would dismiss this matter with prejudice. However, no order of dismissal was entered.

7   Plaintiff's Rule 60(b) is premature and must be denied.

8        Even if the Court were to treat the Motion to Set Aside Judgment as a second motion

9   for leave to amend the Complaint, it would nonetheless be denied. Federal Rule of Civil

10  Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."

11  While the policy favoring amendment is "applied with extreme liberality," *Morongo Band of*

12  *Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), leave to amend should not be

13  granted if amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Miller*

14  *v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004). Plaintiff continues challenging

15  the constitutionality of California's DNA Data Bank Program, which requires him to provide

16  a buccal swab sample for forensic DNA identification purposes. This Court has previously

17  ruled, controlling Ninth Circuit precedent finding statutory DNA database programs

18  constitutional bars Plaintiff's claims. *See United States v. Kincade*, 379 F.3d 813 (9th Cir.

19  2004); *Rise v. Oregon*, 59 F.3d 1556 (9th Cir. 1995). Therefore, the Court finds that to the

20  extent Plaintiff is requesting leave to amend, that request should be denied.

21                                      **Conclusion**

22       The Motion to Set Aside Judgment (Doc. # 21) is **DENIED**. Because any amendments

23  to the Complaint would be futile, this action is **DISMISSED** with prejudice. The Clerk of the

24  Court shall enter judgment in favor of Defendants and against Plaintiff.

25  DATED: April 3, 2007

26                        *William Q. Hayes*

27                        **WILLIAM Q. HAYES**
                          United States District Judge

28